[No. 6,753.]

## THE PACIFIC BRIDGE CO. v. KIRKHAM.

BRIDGE ASSESSMENT—FINDINGS — DEDICATION.—In an action to enforce an assessment for a bridge—constructed under an act of the Legislature, by the City of Oakland—the answer alleged that the bridge in part rested upon and passed over private property; and the Court found that a portion of the land upon which the bridge rested was *claimed* as private property by the defendant and others, and by a corporation; and further found, in effect, that there had been a grant or dedication of the right of way by the claimants, other than the corporation, and that the President and other members of the corporation, individually, but not in their corporate capacity, had given their consent to the use of the land for the bridge, and thus dedicated it to the use of the same. *Held*, that, if the bridge rested in part on private land, the assessment was void, and the findings defective in not finding upon this issue; and that the probative facts found did not establish a dedication by the corporation; and *held, further*, that, the averment of the answer having been treated as sufficient in the Court below, and no special demurrer having been interposed, it was too late to object to its sufficiency.

APPEAL from a judgment for the plaintiff, and from an order denying a motion for a new trial, in the Third District Court, County of Alameda. McKEE, J.

The facts are stated in the opinion.

*C. T. Botts*, for Appellant.

The findings are defective, in that no finding is made upon the issue of the title to the land over which the bridge passes, and upon which it in part rests.

*Vrooman & Davis*, and *J. C. Martin*, for Respondent.

A dedication may be made, without writing, by an act *in pais*, as well as by deed. (*Hunter* v. *Trustees of Sandy Hill*, 6 Hill, 411; *Fuller* v. *Mehrenfeld*, 8 Ohio St. 445; *Alvord* v. *Ashley*, 17 Ill. 367; *Brown* v. *Manning*, 6 Ohio, 303; *City of Cincinnati* v. *White's Lessees*, 6 Peters, 431; *Town of Paulet* v. *Clark*, 9 Cranch, 331; 2 Dillon on Mun. Corp. § 494; Angell on Highways, §§ 142, 154.) Dedication may be made by a corporation. (Angell on Highways, § 134; *Grand Surrey Canal Co.* v. *Hall*, 1 Man. & G. 392; *Waugh* v. *Leech*, 28 Ill. 492;

Potter on Corp. § 157; *Union Bank* v. *Ridgly*, 1 H. & G. 426; *Proprietors of the Canal Bridge Co.* v. *Gordon*, 1 Pick. 307; *Bank of U. S.* v. *Dandridge*, 12 Wheat. 73.) The corporation was bound by the acts of its agents. (Wade on the Law of Notice, §§ 681, 682; *Elysville Man. Co.* v. *Okiska Co.* Md. Ch. Dec. 398; *Porter* v. *Bank of Rutland*, 19 Vt. 413; *Hoffman Steam Coal Co.* v. *Cumberland Coal & Iron Co.* 16 Md. 456; *Boyd* v. *Ches. & O. Canal Co.* 17 Id. 210; *North Cent. R. R. Co.* v. *Bastam*, 15 Id. 500.) Neither the Water Front Company, nor any of its stockholders or officers, has ever objected to the construction of the bridge. This acquiescence is in itself sufficient to give the public a right of way over the land in question. The averment in the answer tenders no material issue. It is uncertain, indefinite, and insufficient.

Department No. 1, Ross, J.:

The Legislature, in 1867, passed an act entitled "An Act to authorize the City of Oakland to construct a bridge across the estuary of San Antonio, between Eighth Street and East Ninth Street," the first and third sections of which are as follows:

"Section 1. The City Council of the City of Oakland is hereby authorized and empowered, in its discretion, to order the construction of a wooden bridge across the estuary of San Antonio, from Eighth Street, on the westerly shore of said estuary, to East Ninth Street, on the easterly shore of said estuary. Said bridge may be constructed in such manner, of such dimensions, and with such materials, as the City Council shall by ordinance direct; provided, however, that the cost, including incidental expenses of constructing said bridge, shall not exceed the sum of thirty thousand dollars."

"Sec. 3. The contract price of said bridge, the cost of the plans and specifications, the engineer's fees, the cost of advertising, the expenses and salaries of the Commissioners hereinafter mentioned, and all other expenses whatsoever incidental to the building of said bridge, shall be held and be considered to be the cost of said bridge, and their sums shall be assessed on the lands mentioned and described in the following section of this

act, in proportion to the benefits accruing therefrom to said several lots, subdivisions, and pieces of land, respectively, which said lands are hereby declared to be benefited by the construction of said bridge."

The next section describes the land declared to be benefited, and the succeeding ones provide for the appointment of Commissioners, the making and enforcing of the assessments, etc. The Council of the City of Oakland caused the bridge to be constructed, and the assessments to pay for the work were made in accordance with the provisions of the act. It was to enforce the lien of the assessment against the land of the defendant that the present action was instituted.

The defendant, in his answer, set up as one ground of defense, " that the said bridge, in part, rests on and passes over land which is private property, the right of way over which has never been granted to the City of Oakland, and which has never been dedicated to any public use whatever." If this be true, it must be conceded, we think, on all sides, that the assessment cannot be enforced; for no one can be compelled to pay for an improvement of this nature which has been erected upon private property. The principle upon which such assessments are sustained is, that those required to pay will be benefited by the improvement and will have the use and enjoyment of it. But this benefit could not accrue if the improvement is erected on private property. In such case neither the public nor those ·assessed would be entitled to its use, and it might be abated at any time by the owner of the property. The law deeming this averment of the answer denied, there arose in the case, therefore, a material issue as to the ownership of the property upon and over which the bridge was constructed. Evidence was introduced at the trial upon this issue, and in response to it the Court below made the following finding: " That the marsh and tide lands over which said bridge passes, were, before the building of said bridge, claimed to be owned in part by the defendant and other persons, and also by a corporation known as the Water Front Company. Before commencing to build said bridge the defendant granted to the City of Oakland the right of way over his interest in said land. The other persons gave their permis-

sion and consent to building the bridge over their interest in said lands; and the President and members of the Water Front Company, individually, but not in their corporate capacity, also gave their permission and consent to the use of their marsh and tide lands for the purpose of said bridge, and thus dedicated their lands to the use of the same."

This finding does not meet the issue. It is not found whether the bridge is or is not, in fact, erected in part upon private property. It is only said that the marsh and tide lands over which it passes, were, before the building of the bridge, *claimed* to be owned in part by the defendant and other persons, and by a corporation known as the Water Front Company. Whether or not these parties, or any of them, or any other private persons, did in fact own the land, is not found. And even if the findings could be construed to mean that the parties mentioned did own it, then it would appear that the corporation mentioned is still the owner of a part of it, unaffected by any grant or agreement; for the Court does not expressly find that there was a dedication by the corporation, and the probative facts found do not establish such dedication.

The averment of the answer under consideration is not, as suggested in the supplemental brief of counsel for respondent, necessarily inconsistent with that part of it where it is alleged "that the bridge crosses a portion of the navigable waters of the Bay of San Francisco known as the estuary of San Antonio." This latter fact may very well exist with the other fact, (if fact it be) that the bridge in part rests upon and passes over private property. Nor do we think the objection now taken by counsel, to the efficiency of the answer to raise the issue in question, well taken. The demurrer, which was interposed and overruled, was a general one, and the respondent (plaintiff in the Court below) introduced evidence upon the issue, and the Court assumed to pass upon it. Under such circumstances the sufficiency of the pleading cannot be questioned here. (*Spiers* v. *Duane*, 54 Cal. 175.)

As this cause must be remanded for the reasons suggested, it is unnecessary to determine the other questions argued by counsel.

Judgment and order reversed, and cause remanded for a new trial.

Morrison, C.' J., and McKinstry, J., concurred.